**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| CATHY L. WOOD,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Serve: Todd Blanche<br>United States Attorney General<br>United States Department of Justice<br>950 Pennsylvania Ave. N.W.<br>Washington, DC 20530<br><br>United States Army Corps of Engineers<br>Office of Counsel<br>1222 Spruce Street<br>St. Louis, MO 63103-2833<br><br>Thomas C. Albus<br>United States Attorney<br>Eastern District of Missouri<br>111 S. 10th St., 20th Floor<br>St. Louis, MO 63102<br><br>Defendant. | No. |

**COMPLAINT**

Plaintiff Cathy L. Wood, by counsel and for her Complaint against Defendant United States of America, states:

**Parties, Jurisdiction, and Venue**

1. Plaintiff is a Missouri resident.

2. This Court has jurisdiction under the Federal Tort Claims Act, 28 USC §§ 1346(b)(1), 2671 et seq.

3. Venue is proper under 28 USC § 1402(b) in that Plaintiff resides, and the act(s) or omission(s) complained of occurred, in the Eastern District of Missouri.

4. On or about March 2, 2026, Plaintiff presented her tort claim in writing to the United States Army Corps of Engineers ("USACE") within two years after the claim accrued, in accordance with 28 USC § 2401(b).

5. The USACE is a "federal agency" as defined in 28 USC § 2671.

6. At all relevant times, Defendant acted by and through its agents, servants, and/or employees, who were acting within the course and scope of their respective agency, servitude, and/or employment with the USACE.

7. On or about August 24, 2026, the USACE finally denied Plaintiff's administrative claim in writing by certified mail.

8. Plaintiff timely institutes this action in accordance with 28 USC § 2675(a).

## General Allegations

9. On April 21, 2024, Plaintiff visited Greenville Recreational Area near Wappapello Lake in Greenville, Missouri, for the Black Powder Rendezvous, an annual event sponsored by the USACE.

10. At all relevant times, Defendant owned, maintained, and controlled Greenville Recreation Area.

11. After the event, as Plaintiff lawfully walked along Old Greenville Entrance Road toward parking lot, she stepped onto the abutting grass to avoid an oncoming motor vehicle.

12. As Plaintiff stepped onto the grass, a hole approximately 12 inches deep caught Plaintiff's left foot and lower leg, causing Plaintiff to fall.

13. The hole was unmarked and disguised and obscured by evenly cut grass.

14. The hole presented a dangerous condition, an ultrahazardous condition, a trip hazard, and/or a fall hazard.

15. On information and belief, Defendant knew or should have known of the dangerous condition—and had in fact been told by person(s) at Greenville Recreation Area of the dangerous condition and instructed to remedy it—but failed to do so.

16. Plaintiff was caused to fracture her left femur and incur significant damages by the fall described herein.

**Negligence**

17. Plaintiff fully reincorporates Paragraphs 1 through 16.

18. Plaintiff lawfully entered Greenville Recreation Area.

19. Defendant owned, controlled, and/or had the right to control Greenville Recreation Area and was responsible for the management, inspection, care, maintenance, warnings, and appropriate guarding of hazards, dangerous conditions, and ultrahazardous conditions of Greenville Recreation Area.

20. The hole presented a condition which Defendant knew or should have known to be dangerous and/or ultrahazardous condition.

21. Defendant owed Plaintiff a duty to guard or warn against the dangerous and/or the ultrahazardous condition.

22. Defendant breached its duty to guard or warn against the dangerous and/or ultrahazardous condition.

23. Defendant's failure to guard or warn against the dangerous condition was malicious or grossly negligent. In the alternative, Defendant's failure to guard or warn against the ultrahazardous condition was negligent.

24. Defendant's malicious or grossly negligent failure to guard or warn against the dangerous condition directly and proximately caused or contributed to cause Plaintiff to trip, fall, and suffer severe and permanent injuries to the left femur. In the alternative, Defendant's negligent failure to guard or warn against the ultrahazardous condition directly and proximately caused or contributed to cause Plaintiff to trip, fall, and suffer severe and permanent injuries to the left femur.

25. As a direct and proximate result of Defendant's malicious or grossly negligent failure to guard or warn against the dangerous condition, Plaintiff's ability to enjoy the ordinary pursuits of life has been seriously and permanently impaired. In the alternative, as a direct and proximate result of Defendant's negligent failure to guard or warn against the ultrahazardous condition, Plaintiff's ability to enjoy the ordinary pursuits of life has been seriously and permanently impaired.

26. As a direct and proximate result of Defendant's malicious or grossly negligent failure to guard or warn against the dangerous condition, Plaintiff has incurred, and will continue to incur, expenses for extensive medical, surgical, diagnostic, and therapeutic care and treatment. In the alternative, as a direct and proximate result of Defendant's negligent failure to guard or warn against the ultrahazardous condition, Plaintiff has incurred, and will continue to incur, expenses for extensive medical, surgical, diagnostic, and therapeutic care and treatment.

WHEREFORE, Plaintiff Cathy L. Wood prays for judgment against Defendant United States of America in a fair, just, and reasonable amount, together with her costs in this behalf and for such other and further relief as the Court deems just and proper.

GRAY RITTER GRAHAM

By: **/s/Morry S. Cole**
Morry S. Cole #46294MO
mcole@grgpc.com
Michael S. Figenshau #73701MO
mfigenshau@grgpc.com
701 Market Street, Suite 800
St. Louis, MO 63101-1826
(314) 241-5620; fax: (314) 241-4140
***Attorneys for Plaintiff***